UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT H. SMITH,

               Plaintiff,

   v.

RYAN W. PHILLIPS, *et al.*,

              Defendants.

Case No. C17-1457-TSZ-MAT

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

      Plaintiff Robert Smith is in federal custody and is currently confined at Federal Detention Center (FDC) SeaTac. He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. The Court, having reviewed plaintiff's complaint, hereby finds and ORDERS as follows:

      (1)    Plaintiff alleges in his complaint that Snohomish County Sheriff's Deputies used excessive force against him, and issued repeated threats, in effectuating his arrest in July 2016. (*See* Dkt. 1-1 at 4-5.) Plaintiff also asserts that one deputy became physically aggressive while questioning him at the Snohomish County Sheriff's Office South Precinct following his arrest. (*Id.* at 6.) Plaintiff contends that the following individuals were either present or involved in the incidents in question: Snohomish County Sheriff's Deputies Ryan W. Phillips, Robert Cracchilo,

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

Lee Malkow, J. Seth, and Brian Emery. (Dkt. 1-1 at 7.) Plaintiff requests that the deputies involved in this lawsuit be fired, and he seeks damages. (*Id*. at 8.)

(2) Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

(3) The Court declines to order that plaintiff's complaint be served on defendants because the complaint fails to meet the pleading requirements set forth above. Specifically, plaintiff fails to identify the constitutional rights that were violated by the conduct of each defendant, and he fails to set forth facts demonstrating that each defendant personally participated in causing the harm alleged in the complaint. Plaintiff also fails to make clear who the intended

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

defendants are as he names different individuals in different sections of his complaint. (*See* Dkt. 1-1 at 1, 2, 7.)

In order to proceed with this action, plaintiff must clearly identify all intended defendants in both the caption of the complaint and in Part III of the complaint (Parties to this Complaint). In addition, plaintiff must include each intended defendant in his Statement of Claim, he must identify the constitutional right he believes was violated by each defendant, and he must set forth specific facts demonstrating that each defendant personally participated in causing him harm of federal constitutional dimension.

(4) Plaintiff may file an amended complaint curing the above noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify each defendant, the constitutional claim(s) asserted against each defendant, the specific facts which plaintiffs believe support each federal constitutional claim, and the specific relief requested.

/ / /

/ / /

/ / /

/ / /

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

(5) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Thomas S. Zilly.

DATED this 6th day of October, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4