UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT H. SMITH, *et al.*,

        Plaintiffs,

v.

RYAN W. PHILLIPS, *et al.*,

        Defendants.

Case No. C17-1457-RSL-MAT

ORDER RE: PLAINTIFFS' PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiffs' motions to modify the pretrial schedule, to amend their complaint, and to impose sanctions against defendants and their attorney. The Court, having reviewed plaintiffs' motions, defendants' responses thereto, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiffs' motion to modify the pretrial schedule (Dkt. 54) is GRANTED in part. Plaintiffs seek to extend the discovery deadline by 180 days. Plaintiff Smith, who apparently drafted the motion, asserts that he is unable to complete his discovery, or to fully respond to defendants' discovery requests, while incarcerated. Plaintiff indicates that he will need to despose certain witness, as well as the defendants, and that he cannot do so while incarcerated. Plaintiff Smith also asserts that defendants have requested discovery from him which he cannot respond to

ORDER RE: PLAINTIFFS'
PENDING MOTIONS - 1

while confined because he does not have access to the necessary information and documents. Plaintiff Smith notes in the motion that he expects to be released from custody on November 1, 2018, and he suggests that he will be better able to deal with discovery matters at that time. Plaintiff Smith filed a notice of change of address on November 8, 2018 indicating that he has been released to a Residential Re-entry Center. (Dkt. 57.)

Defendants argue in their response to plaintiffs' motion that plaintiffs have failed to show good cause for the requested six month delay in discovery, particularly in light of the fact that the Court recently granted them a 30 day extension of the discovery deadline. (*See* Dkt. 59.) Defendants assert that plaintiffs' argument in support of the requested extension is conclusory and is without any factual enhancement or evidentiary support. (*Id*. at 2.) Defendants are correct that plaintiffs offer little support for the requested extension, and the Court is certainly not persuaded that the requested six month extension is appropriate. However, given that plaintiff Smith has now been released from custody, and given that plaintiffs suggested in their motion that his confinement was impeding their ability to move forward with discovery, the Court deems it appropriate to grant plaintiffs one final extension to conduct any remaining discovery and to respond to any of defendants' outstanding discovery requests.

Accordingly, the discovery deadline is extended to ***January 18, 2019***, and the dispositive motion filing deadline is extended to ***February 19, 2019***. Defendants should not be prejudiced by these relatively brief extensions.

(2) Plaintiffs' motion for sanctions under Fed. R. Civ. P. 11(b) (Dkt. 55) is DENIED. Plaintiffs seek the imposition of sanctions against the Snohomish County defendants and their attorney on the grounds that defendants' counsel made false and misleading representations to the Court in a response to a previously filed motion for an extension of the pretrial deadlines.

ORDER RE: PLAINTIFFS'
PENDING MOTIONS - 2

Defendants argue in their response to plaintiffs' motion for sanctions that plaintiffs' motion is moot because the motion to which the allegedly improper response was filed was stricken by the Court and defendants' response was therefore never considered. (*See* Dkt. 62.) Defendants further argue that the statements which plaintiffs challenge in their motion for sanctions were arguments that were supported by the facts of this case and by the civil rules. (*See id.*)

The Court agrees that the instant motion is arguably moot since the Court never had occasion to consider the brief containing the challenged statements. The Court has nevertheless reviewed the materials cited by plaintiffs in their motion for sanctions, and the materials submitted by defendants in opposition to plaintiffs' motion for sanctions, and finds nothing in those materials which would warrant the imposition of sanctions against either defendants or their attorney.

(3) Plaintiffs' motion to amend their complaint (Dkt. 56) is DENIED. Plaintiffs seek leave to file a third amended complaint for the purpose of adding Snohomish County as a defendant to this action. Plaintiffs' proposed claim against Snohomish County is that the county has a policy and custom of employing law enforcement officers who are known to be dishonest in the performance of their official duties, and that but for that policy and custom plaintiffs' Fourth and Eighth Amendment rights would not have been violated. (*See* Dkt. 56-1 at 2.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Defendants argue that plaintiffs' motion to amend should be denied because plaintiffs do not allege a viable

ORDER RE: PLAINTIFFS'
PENDING MOTIONS - 3

cause of action against Snohomish County in their proposed third amended complaint, and amendment would therefore be futile.

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978). *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

In *Bryan County Commissioners*, the Supreme Court explained that

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Id*. at 404.

Defendants argue that plaintiffs have not alleged the requisite affirmative link between the alleged county policy and custom of employing "dishonest" law enforcement officers, and the alleged use of excessive force or failure to render medical aid. They further argue that plaintiffs have not shown that the alleged policy and custom was the moving force behind the alleged constitutional violations. Defendants are correct. At the heart of plaintiffs' case are their claims that individual law enforcement officers used excessive force against them after executing a traffic stop, and that the officers denied plaintiffs' requests for medical care following the alleged use of force incident. (*See* Dkt. 56-1.) Plaintiffs fail to explain how the alleged custom and policy of employing dishonest officers would necessarily lead to constitutional violations of the nature

ORDER RE: PLAINTIFFS'
PENDING MOTIONS - 4

alleged by plaintiffs against the individual officers, or how such a custom and policy might reasonably be deemed the moving force behind the alleged constitutional injuries. Plaintiffs' allegations against Snohomish County are conclusory in nature and are insufficient to state a viable claim for relief.

(4) Plaintiffs' motion for sanctions under Fed. R. Civ. P. 37(b)(2) (Dkt. 58) is DENIED. Plaintiffs once again seek the imposition of sanctions against the Snohomish County defendants and their attorney, this time based upon their alleged failure to properly respond to plaintiffs' requests for admission. As defendants correctly note, plaintiffs' reliance on Rule 37(b)(2) is misplaced as that rule requires a showing that a party failed to obey a discovery order and plaintiffs have not identified any court order that the Snohomish County defendants have disobeyed. (*See* Dkt. 64.) Plaintiffs' complaints regarding defendants' responses to their discovery requests would be more appropriately brought before the Court in a motion to compel, but only after plaintiffs first complied with the "meet and confer" requirements set forth in Fed. R. Civ. P. 37(a)(1) and Local Civil Rule (LCR) 37(a)(1). Plaintiffs have not provided the Court with any certification indicating that they complied with the "meet and confer" requirements before bringing the instant motion. The Court therefore declines to consider the substance of plaintiffs' complaints.

(5) The Clerk is directed to send copies of this Order to plaintiffs, to counsel for defendants, and to the Honorable Robert S. Lasnik.

DATED this 28th day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PLAINTIFFS'
PENDING MOTIONS - 5