UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT H. SMITH, *et al.*,

           Plaintiffs,

v.

RYAN W. PHILLIPS, *et al.*,

           Defendants.

Case No. C17-1457-RSL-MAT

ORDER DENYING PLAINTIFFS'
MOTION TO EXCLUDE DEPOSITIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiffs' motion to exclude depositions. Defendants oppose plaintiffs' motion. The Court, having reviewed plaintiffs' motion, defendants' responses thereto, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiffs' motion to exclude depositions (Dkt. 66) is DENIED. Plaintiffs, by way of the instant motion, seek to exclude their depositions which were taken by defendants' counsel on November 7, 2018 at the Federal Detention Center in SeaTac, Washington (FDC SeaTac). Plaintiffs argue in their motion that the depositions should be excluded because they were not allowed to cross-examine each other during the depositions as permitted by Fed. R. Civ. P. 30(c), and because defendants did not seek leave of court to take the depositions as required by Fed. R. Civ. P. 30(a)(2)(B). (*See* Dkt. 66.) Defendants argue that plaintiffs' arguments are without merit.

ORDER DENYING PLAINTIFFS'
MOTION TO EXCLUDE DEPOSITIONS - 1

(*See* Dkts. 67-69.) The Court concurs.

The record demonstrates that defendants first attempted to depose plaintiff Smith at FDC SeaTac on November 1, 2018. (*See* Dkt. 66 at 1; Dkt. 68, ¶ 2.) Prior to commencement of the deposition, plaintiff Smith objected to proceeding in the absence of his co-plaintiff, James Phillips. (*Id.*) The parties agreed to continue the deposition so that defendants could request that FDC SeaTac allow the plaintiffs to attend each others' depositions. (*See* Dkt. 68, ¶ 2.) Defendants rescheduled the depositions for November 7, 2018, and sought permission from FDC SeaTac officials for both plaintiffs to be present for both depositions. (*See id.*, ¶¶ 2-3.) On November 5, 2018, defendants were advised by FDC SeaTac officials that plaintiffs would not be allowed to be in the same room at the same time for "security reasons," and that the depositions would have to be conducted separately. (*Id.*, ¶ 3 and Ex. A at 1.)

On November 7, 2018, counsel for defendants again went to FDC SeaTac to depose plaintiffs. (Dkt. 68, ¶ 3.) Counsel for the Snohomish County defendants advised plaintiff Smith that the facility would not allow his co-plaintiff, Mr. Phillips, to be present. (*Id.* and Ex. B.) Counsel further advised plaintiff Smith that defendants would leave the depositions open so that plaintiffs could ask each other questions at some future time if they chose to do so. (*See id.*) Plaintiff Smith thereafter agreed to proceed with his deposition. (*See id.*) Counsel likewise advised plaintiff Phillips at the beginning of his deposition that defendants would leave the depositions open so that plaintiffs could ask each other questions at some future time if they chose to do so. (Dkt. 68, ¶ 3 and Ex. C.)

According to defendants, the depositions remain open at this time and plaintiffs still have the opportunity to examine each other should they choose to do so. (*See* Dkt. 67 at 2-3.) It appears that defendants reasonably worked within the limitations imposed by FDC SeaTac to obtain

ORDER DENYING PLAINTIFFS'
MOTION TO EXCLUDE DEPOSITIONS - 2

plaintiffs' depositions and to preserve their right to cross-examine each other. The Court sees no defect in this process which would justify exclusion of the depositions.

To the extent plaintiffs argue that the depositions should be excluded because defendants failed to obtain leave of court before taking the depositions, plaintiffs' argument is frivolous. Local Civil Rule (LCR) 30(a)(2) allows a party to take the deposition of a person in custody, and provides that the party seeking to take such a deposition "shall attempt to reach agreement with officials of the institution as to date, time, place, and maximum duration of the deposition." LCR 30(a)(2) further provides that "[i]f agreement is reached, the party taking the deposition shall give notice as provided in Fed. R. Civ. P. 30(b), and no further order of the court is required." The record makes clear that defendants reached agreement with FDC SeaTac to take plaintiffs' depositions so no court order was required.

Plaintiffs' suggestion that defendants were required to serve notice of the depositions on the warden of FDC SeaTac and on the U.S. Attorney before proceeding with the depositions (*see* Dkt. 70) is incorrect and is based on a simple misreading of LCR 30(a)(b) which requires such notice *only* if agreement with the facility cannot be reached. Plaintiffs again fail to identify any defect which would justify exclusion of their depositions.

(2) The Clerk is directed to send copies of this Order to plaintiffs, to counsel for defendants, and to the Honorable Robert S. Lasnik.

DATED this 14th day of January, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFFS'
MOTION TO EXCLUDE DEPOSITIONS - 3